UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LISA RINEY,

    Plaintiff,

v.                                                                    CASE NO.:

SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC., a Foreign for Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LISA RINEY, ("Plaintiff"), by and through her undersigned counsel hereby files this Complaint and Demand for Jury Trial against SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., ("Defendant"), and alleges as follows:

### JURISDICTION AND VENUE

1.    This is an action for damages by Plaintiff against her former employer, Sedgwick Claims Management Services, Inc., for retaliation under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*, ("FLSA"), and for retaliation under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

2.    Venue is proper in this Court under Rule 1.02(c) of the Local Rules of the Middle District of Florida. Venue is proper in this district as a substantial part of the events and omissions giving rise to the claims occurred in this District. Also, at all times material to Plaintiff's claims, Defendant has conducted substantial, continuous, and systematic commercial activities in this District.

## PARTIES AND GENERAL ALLEGATIONS

3. Plaintiff is an individual *sui juris* currently residing in the state of Montana, Lewis and Clark County. At all times relevant to this action Plaintiff resided in Florida and reported to Defendant's Orlando, Florida office.

4. Plaintiff was employed by Defendant from in or around November 2016 to on or around January 31, 2018 and processed disability claims.

5. Defendant is a Foreign for Profit Corporation, operating a business located, among other locations, in Orange and Seminole Counties, Florida.

6. At all relevant times hereto, Defendant was engaged in interstate commerce with annual gross business of $500,000.00 or more.

7. At all relevant times, Defendant employed fifty (50) or more employees for each working day in each of the twenty (20) or more calendar weeks in the current or preceding year within seventy-five (75) miles of Plaintiff's work location.

8. Defendant is a covered employer under both the FLSA and the FMLA.

9. Plaintiff suffered from a serious health condition during her employment with Defendant for which she needed leave.

10. Plaintiff worked for Defendant for more than twelve (12) months prior to Plaintiff's need for leave in 2017 and had worked more than 1,250 hours in the twelve (12) month period preceding her leave.

11. Plaintiff was eligible and entitled to leave under the FMLA.

12. At all relevant times Defendant directly, or through its agents or other persons, employed Plaintiff and exercised control over the wages, hours, and working conditions of Plaintiff.

13. On a frequent basis throughout Plaintiff's employment with Defendant, Plaintiff worked in excess of forty (40) hours per week but was not compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one-and-one-half times her regular rate of pay.

14. At all relevant times, Defendant was aware of Plaintiff's serious health condition, Plaintiff's need for leave and Plaintiff taking leave.

15. Although Plaintiff took leave under the FMLA, immediately upon her return she was given an excessive workload and retaliated against.

16. Plaintiff complained both verbally and in writing, to Defendant about not being paid overtime, and about the treatment she received right after taking leave under the FMLA.

17. Plaintiff was terminated on January 31, 2018, shortly after her complaints and her taking of FMLA leave.

18. As a direct and proximate result of Defendant's unlawful retaliation against Plaintiff, Plaintiff has suffered and will continue to suffer loss of earnings, loss of ability to earn money, other employment benefits and job opportunities, and emotional distress. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

19. Plaintiff has exhausted her administrative remedies and/or has met all administrative prerequisites for bringing this action.

20. Plaintiff has retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorney's fees for its services.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Retaliation)

21. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 20 above as if fully set forth herein.

22. Defendant intentionally retaliated against Plaintiff because of her complaints and opposition to Defendant's unlawful employment practices, as set forth in the preceding paragraphs, in violation of the Fair Labor Standards Act.

23. Defendant retaliated against Plaintiff for engaging in an activity protected by the Fair Labor Standards Act by taking unwarranted actions against her and terminating her employment.

24. As a direct and proximate result of Defendant unlawful retaliation against Plaintiff, Plaintiff has suffered and will continue to suffer emotional distress, loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

25. Plaintiff has retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorney's fees for its services.

**WHEREFORE,** Plaintiff demands judgment against Defendants for the following:

- A. Back pay, front pay, general and compensatory damages, including emotional distress damages;
- B. Liquidated damages;
- C. Prejudgment and post-judgment interest;
- D. Attorneys' fees and costs of this action; and,
- E. Such other relief this Court deems just and proper.

## COUNT II
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT
### (Retaliation)

26. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 20 above as if fully set forth herein.

27. Defendant violated the FMLA by retaliating against Plaintiff for making protected expressions and by exercising her rights under the FMLA.

28. As a direct and proximate result of Defendant unlawful retaliation against Plaintiff, Plaintiff has suffered and will continue to suffer emotional distress, loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities as well as mental anguish and emotional distress. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

29. Plaintiff retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorney's fees.

**WHEREFORE,** Plaintiff demands judgment against Defendants for the following:

    A. Back pay, front pay, and compensatory damages, including emotional distress damages;

    B. Liquidated damages;

    C. Prejudgment and post-judgment interest;

    D. Attorneys' fees and costs of this action; and,

    E. Such other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 29th day of January 2020.

*/s/ Mary E. Lytle*
Mary E. Lytle, Esq.
Florida Bar No.: 0007950
**David V. Barszcz, Esq.**
Florida Bar No.: 0750581
**LYTLE & BARSZCZ, P.A.**
533 Versailles Drive, 2nd Floor
Maitland, Florida 32751
Telephone: (407) 622-6544
Facsimile: (407) 622-6545
mlytle@lblaw.attorney
dbarszcz@lblaw.attorney
**Counsel for Plaintiff**